# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.    CV 18-8762 ODW (SS) | Date:  March 6, 2019 |
| | Page 1 of 8 |

Title:     Albert John Hamilton, Jr. v. Alan Spears

---

DOCKET ENTRY:    **ORDER TO SHOW CAUSE WHY THE MAGISTRATE JUDGE SHOULD NOT RECOMMEND THAT THE COURT DEEM PLAINTIFF A VEXATIOUS LITIGANT AND IMPOSE PRE-FILING RESTRICTIONS**

---

PRESENT:

**HONORABLE SUZANNE H. SEGAL, UNITED STATES MAGISTRATE JUDGE**

| _Marlene Ramirez_ | _____None_____ | __None__ |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANTS:

None Present                                              None Present

**PROCEEDINGS:  (IN CHAMBERS)**

On October 8, 2019, Plaintiff Albert John Hamilton, Jr., a California state prisoner proceeding pro se, constructively filed the above-referenced civil rights action pursuant to 42 U.S.C. § 1983 against his former appellate counsel in his underlying criminal case. The matter was subsequently closed due to Plaintiff's failure to file an application to proceed in forma pauperis by the Court's deadline. (Dkt. No. 8). Plaintiff has since filed an IFP application. (Dkt. No. 9).

Plaintiff has a pattern of filing frivolous civil rights complaints and habeas petitions, including civil rights claims styled as habeas petitions, in federal district courts against a wide array of Defendants, many of whom are either not state actors or are otherwise immune from suit. Included in this Order are the case names and numbers of eight of Plaintiff's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.     CV 18-8762 ODW (SS)                        Date: March 6, 2019
                                                        Page 2 of 8

Title:       Albert John Hamilton, Jr. v. Alan Spears

prior actions taken from the Central District of California docket, three prior actions taken from the Eastern District of California docket, and one prior action taken from the Southern District of California docket.[1]  None of these actions resulted in a judgment favorable to Plaintiff.  In addition, Plaintiff appealed three of these cases to the Ninth Circuit, all of which were dismissed.

The Court finds that it is appropriate to warn Plaintiff that he may be deemed a **vexatious litigant**.  This Order places Plaintiff on notice that the Court is considering a vexatious litigant order that will impose pre-filing conditions upon him before he may file any future complaint, habeas petition, or in forma pauperis ("IFP") application with this Court.

Central District of California Local Rule 83-8 governs vexatious litigants.  Local Rule 83-8.3, "Findings," states that a vexatious litigant order "shall be based on a finding that the litigant to whom the order is issued has abused the Court's process and is likely to continue such abuse, unless protective measures are taken."  See L.R. 83-8.3.  This Court finds, as discussed more fully below, that Petitioner has abused the Court's process and is likely to continue such abuse, unless protective measures are taken.

District courts should enter a pre-filing order only after a "cautious review of the pertinent circumstances."  Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057 (9th Cir. 2007).  Accordingly, the Ninth Circuit has identified four factors that a court must examine before issuing a pre-filing order on a finding that a litigant is vexatious:

---

[1] The Court takes judicial notice of Plaintiff's prior filings in this and other courts.  See Fed. R. Evid. 201(c); see also In re Korean Air Lines Co., Ltd., 642 F.3d 685, 689 n.1 (9th Cir. 2011) (a court may take judicial notice of a court's own records in other cases and the records of other courts).  The Ninth Circuit has expressly found that a district court may include a litigant's meritless filings in other courts in addition to cases on the issuing court's own docket in compiling an "adequate record" of a plaintiff's vexatious litigation.  Ringgold-Lockhart v. County of Los Angeles, 761 F.3d 1057, 1064 (9th Cir. 2014).

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.    CV 18-8762 ODW (SS)            Date: March 6, 2019
                                                                                  Page 3 of 8

Title:        Albert John Hamilton, Jr. v. Alan Spears

> [F]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants. Thus, [we have] outlined four factors for district courts to examine before entering pre-filing orders. First, the litigant must be given notice and a chance to be heard before the order is entered. Second, the district court must compile an adequate record for review. Third, the district court must make substantive findings about the frivolous or harassing nature of the plaintiff's litigation. Finally, the vexatious litigant order must be narrowly tailored to closely fit the specific vice encountered.

Id. (internal quotation marks and citations omitted). The Court will address the four factors below.

1)      Notice And Opportunity To Be Heard

The Court hereby notifies Plaintiff that it is considering a vexatious litigant order for the reasons set forth in this Order. As discussed below, Plaintiff must file a written response to this Order within **fourteen (14) days** of the date of this Order.

2)      An Adequate Record For Review

The Court attaches copies of the case dockets, by case name and number, to demonstrate the multiple cases filed by Plaintiff. A review of these complaints and petitions reveals that none of Plaintiff's actions had any merit.

3)      Substantive Findings About The Frivolous Or Harassing Nature Of Plaintiff's Litigation

The Court finds that the following civil actions brought by Plaintiff in a variety of courts can be fairly characterized as frivolous and harassing:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.   CV 18-8762 ODW (SS)                           Date: March 6, 2019
                                                        Page 4 of 8

Title:      Albert John Hamilton, Jr. v. Alan Spears

Albert John Hamilton, Jr. v. LAPD Chief Charlie Beck, et al, C.D. Cal. Case No. CV 12-9088 UA (SS). While his criminal case was still pending, Plaintiff lodged this civil rights complaint alleging claims against the Los Angeles Police Department, the LA District Attorney, two public defenders and a superior court judge based on purported improprieties in his arrest and the criminal proceedings against him. After the Court granted Plaintiff an extension of time in which to file a properly-supported IFP application, Plaintiff voluntarily dismissed the case. (See Exhibit 1).

Albert Hamilton v. People of the State of California, C.D. Cal. Case No. CV 13-4379 GHK (SS). In this habeas action, the Court ordered Petitioner to show cause why his petition should not be dismissed pursuant to the Younger abstention doctrine because Petitioner admitted that his state court criminal action was ongoing and he had not yet been convicted or sentenced. (Dkt. No. 4). Two months later, Petitioner moved for a voluntary dismissal, (Dkt. No. 9), which the Court granted. (Dkt. No. 10). Nonetheless, Petitioner continued to send letters to the court regarding this case for another year and five months, all of which were summarily rejected. (Dkt. Nos. 11-14). (See Exhibit 2).

Albert J. Hamilton v. Wasco State Prison, E.D. Cal. Case No. CV 15-0661 AWI (SAB). In this civil rights action, Plaintiff alleged that the defendant opened the wrong cell door, which allowed two inmates to attack him. The Court granted Defendants' Motion for Summary Judgment and dismissed the action without prejudice for failure to exhaust. (Dkt. No. 90 (Report and Recommendation); Dkt. No. 93 (Order Accepting); Dkt. No. 94 (Judgment)). The Court subsequently denied Plaintiff's motion for reconsideration. (Dkt. No. 100). The Ninth Circuit affirmed the district court's decision, (Dkt. No. 103), and denied Plaintiff's motion for rehearing. (Dkt. No. 104; see also 9th Cir. Case No. 17-16770). (See Exhibit 3).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.   CV 18-8762 ODW (SS)                Date: March 6, 2019
                                              Page 5 of 8

Title:     Albert John Hamilton, Jr. v. Alan Spears

Albert J. Hamilton v. Urban, et al., E.D. Cal. Case No. CV 16-0547 AC. In this civil rights action, Plaintiff alleged that he was given a tuberculosis test in violation of his rights under the Eighth Amendment and the Americans with Disabilities Act. Two and a half months later, Plaintiff filed a Notice of Voluntary Dismissal, citing "some evidence problems." (Dkt. No. 13 at 1). The Court dismissed the action without prejudice. (Dkt. No. 14 (Order)). (See Exhibit 4).

Albert J. Hamilton v. Department of Corrections and Rehabilitation, E.D. Cal. CV 16-0598 KJN. In this civil rights action, filed approximately one week after the complaint in E.D. Cal. Case No. 16-0547 immediately above, Plaintiff filed another complaint alleging that a prison nurse had "injected" him with tuberculosis. As he did in that earlier case, several months after filing the complaint, Plaintiff filed a "Motion to Dismiss Action" due to "some evidence problems." (Dkt. No. 14 at 1). The Court granted the motion and dismissed the action without prejudice. (Dkt. No. 15 (Order)). (See Exhibit 5).

Albert John Hamilton, Jr. v. Dep't of Corrections, C.D. Cal. Case No. CV 17-1387 ODW (SS). In this habeas petition, filed in 2017, Petitioner challenged a 2003 Board of Prison Terms decision to revoke his parole. The action was dismissed with prejudice for lack of subject matter jurisdiction and untimeliness. (Dkt. No. 23 (Report and Recommendation); Dkt. No. 29 (Order Accepting); Dkt. No. 30 (Judgment)). The Ninth Circuit denied a certificate of appealability because the petition "fail[ed] to state any cognizable habeas claims debatable among jurists of reason," and similarly denied Petitioner's motion for reconsideration. (9th Cir. Case No. 18-55320, Dkt. Nos. 10 & 13). (See Exhibit 6).

Albert John Hamilton, Jr. v. Dep't of Corrections, C.D. Cal. Case No. CV 17-3090 ODW (SS). In this habeas action, Petitioner attempted to challenge the administration of an "illegal" tuberculosis test, as he had previously alleged

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    CV 18-8762 ODW (SS)                    Date: March 6, 2019
                                                   Page 6 of 8

Title:    Albert John Hamilton, Jr. v. Alan Spears

in two Eastern District cases noted above. The case was dismissed without prejudice for lack of habeas jurisdiction because the petition did not challenge the fact or duration of Petitioner's confinement. (Dkt. No. 8 (Report and Recommendation); Dkt. No. 11 (Order Accepting); Dkt. No. 12 (Judgment)). More than three weeks after judgment was entered, Petitioner filed a motion to dismiss the case, which was rejected on the ground that the case had already been closed. (Dkt. No. 13). Eight months after the entry of judgment, Petitioner attempted to file a document that was rejected based on certain deficiencies. (Dkt. No. 14). Petitioner does not appear to have pursued an appeal. (See Exhibit 7).

Albert John Hamilton, Jr. v. C. Steeb, Warden, C.D. Cal. Case No. CV 17-5161 ODW (SS). In this action, styled as a habeas petition, Petitioner attempted to assert claims for deliberate indifference, retaliation, excessive force, and violations of the Americans with Disabilities Act, among others, based on an allegedly improper handcuffing. The Court granted Petitioner's request for voluntary dismissal. (Dkt. No. 5 (Order)). (See Exhibit 8).

Albert John Hamilton, Jr. v. Jurban, C.D. Cal. Case No. CV 17-5297 ODW (SS). In this civil rights action, Plaintiff alleged that he was wrongfully subjected to a tuberculosis test. The Court dismissed the action with prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). (Dkt. No. 22 (Report and Recommendation); Dkt. No. 25 (Order Accepting); Dkt. No. 26 (Judgment)). The Ninth Circuit dismissed Plaintiff's appeal as frivolous. (Dkt. No. 33). (9th Cir. Case No. 18-55762). (See Exhibit 9).

Albert John Hamilton, Jr. v. C. Steeb, C.D. Cal. Case No. CV 17-5300 ODW (SS). In this civil rights action, Plaintiff attempted to assert various claims arising from an alleged improper handcuffing. The Court dismissed the action with prejudice pursuant to Federal Rule 41(b) for failure to prosecute and obey Court Orders. (Dkt. No. 26 (Report and Recommendation); Dkt. No. 40

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 18-8762 ODW (SS)                    Date: March 6, 2019
                                                  Page 7 of 8

Title:   Albert John Hamilton, Jr. v. Alan Spears

(Order Dismissing Action Pursuant to Rule 41(b)); Dkt. No. 41 (Judgment)). (See Exhibit 10).

Albert J. Hamilton v. Department of Corrections, C.D. Cal. Case No. CV 18-8642 ODW (SS).  In this civil rights complaint, Plaintiff appeared to allege that a hearing officer wrongfully denied him parole and another officer wrongfully affirmed the denial.  The Court denied Plaintiff's IFP application for failure to include a trust statement, but provided Plaintiff leave to correct the defect and then closed the case after Plaintiff failed to file an amended application by the Court's deadline.  (Dkt. Nos. 7-8).  (See Exhibit 11).

Albert J. Hamilton v. Alan E. Spears, S.D. Cal. Case No. 18-2429 BAS (WVG).  In this civil rights action, Plaintiff attempted to sue his appellate attorney in his underlying criminal matter on the ground that the attorney "withheld case discovery" by filing a Wende brief to help the prosecution secure a conviction.  The Court sua sponte dismissed the action for failure to pay the filing fee required by 28 U.S.C. § 1914(a) and for failing to state a claim pursuant to 28 USC 1915A(b)(1). (Dkt. No. 2).  The Court subsequently denied Plaintiff's motions for reconsideration and for default judgment, the latter on the grounds that the case was dismissed and defendant was not served, and therefore had no obligation to file a response.  (Dkt. No. 6 (Order)).[2]  (See Exhibit 12).

As is illustrated by these cases, Plaintiff has demonstrated a pattern of filing complaints, petitions and motions that are frivolous or fail to state a claim.
\\
\\

---

[2] The complaint against Spears in the Southern District action is identical to the complaint in the instant action.  The Southern District and Central District cases were constructively filed on the same day, i.e., October 8, 2018, and were received by the courts on the same day, i.e., October 11, 2018.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.   CV 18-8762 ODW (SS) | Date: March 6, 2019 |
| | Page 8 of 8 |

Title:     Albert John Hamilton, Jr. v. Alan Spears

4)     A Narrowly Tailored Vexatious Litigant Order

A pre-filing injunction is appropriate where a plaintiff's pleadings are not only numerous, but also patently without merit. In re Oliver, 682 F. 2d 443, 445 (3rd Cir. 1982). Plaintiff's litigation history consists of a series of harassing and frivolous lawsuits against a variety of defendants. DeLong v. Hennessey, 912 F.2d 1144, 1147 (9th Cir. 1990). Thus, an order preventing Plaintiff from filing any future complaints or petitions without court permission may be appropriate in this situation. The Court recognizes that consideration of other remedies will be required prior to entry of any final order. See Ringgold-Lockhart, 761 F.3d at 1062.

If Plaintiff is found to be a vexatious litigant, this Court may recommend that the District Judge issue an order directing the Clerk of this Court not to accept for filing any further complaints, habeas petitions, or IFP applications by Albert John Hamilton, Jr. unless he first obtains leave from a Judge of this Court to bring the action. If the District Judge issues a vexatious litigant order, to file any new action, Plaintiff will first be required to file a motion for leave to file a complaint or petition. Plaintiff must submit a copy of the Magistrate Judge's vexatious litigant recommendation, the District Judge's vexatious litigant order, and a copy of the proposed complaint or petition with any such motion. If the Court does not grant Plaintiff written permission to file the complaint or petition within 30 days of the date of his motion, permission will be deemed denied.

**Plaintiff is hereby ORDERED to file a response to this Order to Show Cause within 14 days of the date of this Order.** Plaintiff must demonstrate to the Court grounds to controvert the findings above, absent which it is likely that Plaintiff will be deemed a vexatious litigant. The Clerk of the Court is directed to serve a copy of this Order upon Plaintiff at his current address of record.

IT IS SO ORDERED.